MARGARET BOHAN, RESPONDENT, *v.* THE PORT JERVIS
GAS-LIGHT COMPANY, APPELLANT.

*Nuisance — a gas company may be restrained from continuing one.*

Upon the trial of this action, brought to recover the damages which have
resulted to the plaintiff from the depreciation in the value of her property,
caused by the manufacture of gas in close proximity thereto by the defendant,
and to restrain the defendant from continuing the nuisance, the jury found a
verdict in her favor.

*Held,* that she was entitled to the judgment demanded.

That a claim made by the defendant that, inasmuch as it was a corporate body
duly organized under legislative authority and authorized to procure and use
real property in the manner it had done, to be used for the purpose of manu-
facturing illuminating gas, the consequential injury to the plaintiff was with-
out remedy, could not be maintained, as the legislature had in no sense pre-
scribed or sanctioned the location of the gas factory or the tank for storage.
*Cogswell* v. *N. Y., N. H. & H. R. R. Co.* (103 N. Y., 10) followed.

APPEAL from a judgment in favor of the plaintiff entered upon
the verdict of a jury at the Orange County Circuit, and from an
order denying a motion for a new trial made upon the minutes of
the justice before whom the action was tried.

*Lewis E. Carr,* for the appellant.

*John W. Lyon,* for the respondent.

DYKMAN, J.:

This action was brought to recover the damages which have
resulted to the plaintiff from the depreciation in the value of her
property, caused by the manufacture of gas in close proximity
thereto by the defendant, and to restrain the defendant from the
continuation of the nuisance.

The complaint of the plaintiff is that the manufacture and storing
of gas by the defendant creates offensive, noxious and unhealthy
odors, injurious to health, which has become a nuisance, from
which the plaintiff has sustained damages peculiar and personal to
her. The proof introduced upon the trial was sufficient to establish
a valid cause of action in favor of the plaintiff, and the jury found
in her favor for the cause was tried at the Circuit. It appeared
that the plaintiff had been deprived of the comfortable enjoyment

of her house by the foul odor from the defendant's works, which had fouled and corrupted the atmosphere, and rendered a residence in the house uncomfortable and unhealthy.

The case was thus brought within all the cases defining a nuisance, and the charge of the trial judge gave the law to the jury as it has long been well established in many adjudicated cases. The action was defended upon the ground of legislative sanction and justification. The claim of the defendant was that inasmuch as it was a corporate body duly organized under legislative authority and authorized to procure and use real property in the manner it has done, to be used for the purpose of manufacturing illuminating gas, the consequential injury to the plaintiff was without remedy.

The principle invoked has a well recognized place in the jurisprudence of this country and in England also, and it received its best illustration and application in this State in the case of *Bellinger* v. *The New York Central Railroad Company* (23 N. Y., 42), and the case of *Cuddeback v. Delaware and Hudson Canal Company* (decided in this district in December, 1884, but not reported). In both of those cases the precise use of the property complained of was authorized, and so it was decided that no recovery could be had for the injury complained of without proof of negligence in the use of the property. So the contention of the defendant here was that no recovery could be had against it because the precise use to which the property was applied was sanctioned by the legislature, and the point was presented in a variety of ways and forms. The difficulty with the defense here is that it has no foundation in the facts of the case, because the legislature has in no sense prescribed or sanctioned the location of the gas factory or the tank for storage. It is true the defendant has power and authority to purchase and hold real property and manufacture, and distribute, and sell, and supply illuminating gas. But that confers no authority or power which will sanction or justify an injury to private property. While it is true that the legislature has conferred such power upon the defendant and all similar trading corporations, yet it must not be exercised in a manner injurious to others, and in that respect it remains subject to the same rules that would be applied to a private individual. The whole subject has recently undergone a full examination in the Court of Appeals in the case of *Cogswell*

*v. New York, New Haven and Hartford Railroad Company* (103 N. Y., 10), and the masterly opinion of Judge ANDREWS in that case places the doctrine upon its proper basis, and restrains its operation within reasonable bounds. The decision in that case is a complete and ample authority for the plaintiff in this case, and renders all further examination of the same by us unnecessary. All the objections and exceptions of the defendant have been examined and found untenable.

The judgment should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.